IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES BRANDON STEWART,

    Petitioner,

v.                                                        No. 1:16-cv-01001-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING MOTION TO EXPEDITE,
DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On January 4, 2016, Petitioner, James Brandon Stewart,[1] through counsel, filed a motion to vacate, set aside, or correct his sentence ("Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.[2]) For the reasons that follow, the Petition is DENIED.[3]

On April 20, 2009, a federal grand jury returned a five-count indictment charging Stewart with distribution of methamphetamine (Counts 1–4), in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm (Count 5), in violation of 18 U.S.C. § 922(g). (No. 1:09-cr-10043-JDB-1, D.E. 4.) The Defendant subsequently entered a plea of guilty to Counts 1 and 5. (*Id.*, D.E. 29.)

---

[1] In its discussion of the underlying criminal matter, the Court will refer to Stewart as the "Defendant."

[2] Unless otherwise noted, record citations in this order are to documents filed in Case Number ("No.") 1:16-cv-01001-JDB-egb.

[3] Petitioner's motion to expedite (D.E. 6) is DENIED as moot.

1

At sentencing, the Defendant was determined to be subject to an enhanced sentence as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), based on Tennessee convictions for aggravated assault and evading arrest. (Presentence Report ¶¶ 32, 44, 46.) The Court sentenced him to concurrent sentences of 120 months' imprisonment on Count 1 and 151 months' imprisonment on Count 5, as well as three years of supervised release. (No. 1:09-cr-10043-JDB-1, D.E. 52.) Stewart appealed his sentence, and the Sixth Circuit Court of Appeals remanded the case for resentencing. (*Id.*, D.E. 60.)

At sentencing after remand, the Defendant was again determined to be subject to an enhanced sentence as a career offender under § 4B1.1. The Court sentenced him to 151 months' imprisonment on Count 1, 120 months' imprisonment on Count 5, concurrent, and three years of supervised release. (*Id.*, D.E. 69.) Stewart took an unsuccessful direct appeal challenging his sentence as substantively unreasonable. (*Id.*, D.E. 77.)

In his Petition, the inmate challenges his sentence based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551, 2556–57 (2015), that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. He argues that *Johnson*'s reasoning applies to the enhancement of his sentence under U.S.S.G. § 4B1.1.

The argument fails. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* "[T]he Guidelines," thus "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

The Petition is therefore DENIED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[4]

IT IS SO ORDERED this 16th day of August 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.